**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECILIA FRAHER, | No. 14-16228 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00951-LJO-MJS |
| v. | |
| DR. R. MITCHELL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted June 13, 2016
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges, and LAMBERTH,[**] Senior District
Judge.

Plaintiff-Appellant Cecilia Fraher is an inmate in the custody of the California

Department of Corrections and Rehabilitation. She brings this 42 U.S.C. § 1983 action

against Defendant-Appellees Mitchell and Le–a medical doctor and nurse,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Royce C. Lamberth, Senior United States District
Judge for the District of Columbia, sitting by designation.

respectively–alleging inadequate medical treatment in violation of her Eighth Amendment right to be free from cruel and unusual punishment. The district court granted defendants' motion for summary judgment. Possessed of jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

In July of 2009, Fraher underwent an emergency heart valve replacement procedure to replace her artificial heart valve. Fraher alleges that as a result of that surgical procedure, she now suffers permanent physical disability. In the months preceding that surgery, Fraher reported on at least six occasions to the two defendants complaining of flu-like symptoms. She alleges those symptoms were tell-tale signs of a potentially life-threatening infection of the heart known as endocarditis, which is particularly common and problematic in those with artificial heart valves. According to Fraher, had defendants properly diagnosed her with and treated her for endocarditis, the eventual replacement of her artificial heart valve and resulting disability could have been avoided. She contends defendants' failure to properly diagnose and treat her symptoms was the result of deliberate indifference.

To survive defendants' motion for summary judgment, Fraher was required to raise a genuine issue of material fact as to both (1) whether defendants acted with deliberate indifference, and, if so, (2) whether such conduct was the actual and

2

proximate cause of her complained-of Eighth Amendment deprivation. Fed. R. Civ. P. 56(a); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). She did neither.

A claim of deliberate indifference within this context requires a showing that the prison officials in question both knew of and disregarded an excessive risk to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Where the complained-of conduct is allegedly inadequate medical care, a prisoner must adduce evidence demonstrating something more than a mere difference of opinion regarding the propriety of the care rendered. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *cf. Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Rather, an inmate like Fraher must demonstrate "that the course of treatment the doctors chose was medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to plaintiff's health." *Jackson*, 90 F.3d at 332.

Below, Fraher's evidence focused on the similarity between the symptoms she demonstrated and those symptoms patients suffering from endocarditis typically demonstrate. Fraher's underlying theory, then, painted defendants' conduct as rising to the level of deliberate indifference in light of the acute risk endocarditis presents to persons like Fraher who possess artificial heart valves and defendants' failure to adequately guard against that risk by properly treating her for endocarditis. But that

3

theory–and the evidence upon which it rests–fails for two reasons. First, we reject it because Fraher failed to demonstrate that the care she did receive was medically unacceptable, as required by our precedent. *Sanchez*, 891 F.2d at 242. Accordingly, she did nothing more than raise a possible difference of medical opinion as to the propriety of the care she received. She therefore presented no evidence indicative of deliberate indifference.

Second, Fraher's theory falls short because she failed to present more than a scintilla of evidence that she indeed suffered from endocarditis or even that her symptoms were consistent with heart valve failure generally. Rather, as defendants' uncontroverted evidence established, Fraher's postoperative evaluation noted no sign of infection within her heart. As a result, even assuming defendants had acted with deliberate indifference, Fraher did not demonstrate how proper treatment for endocarditis would have forestalled her eventual heart valve replacement surgery. Accordingly, she did not show how defendants' treatment or lack thereof contributed to her alleged disability.

**AFFIRMED**.